AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>MATHEW CAPSEL<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00122
Assigned to: Judge Robin M. Meriweather
Assign Date: 1/19/2021
Description: COMPLAINT W/ARREST WARRANT

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   MATHEW CAPSEL                                                                ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Entering or remaining in any restricted building or grounds without lawful authority, in violation of 18 U.S.C. 1752 (a)(1)
and (4); Forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any any officer or employee of
the United States, in violation of 18 U.S.C. § 111; Commited or attempted to commit any act to obstruct, impede, or
interfere with law enforcement officer lawfully engaged in the lawful performance of his official duties, in violation 18
U.S.C. § 231 (a)(3).

Date:     01/19/2021                                           2021.01.19 17:43:23
                                                                        -05'00'
                                                              *Issuing officer's signature*

City and state:   Washington, DC                   Robin M. Meriweather, U.S. Magistrate Judge
                                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 1/26/2021 , and the person was arrested on *(date)* 1/26/2021<br>at *(city and state)* _____ .<br><br>Date: 1/27/2021                          *Raymond B. Hart*<br>                                                    *Arresting officer's signature*<br><br>                                        Raymond B. Hart, Supervisory Senior Resident Agent<br>                                                    *Printed name and title* |

AO 442 (Rev. 11/11)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>MATHEW CAPSEL<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Case No. 21-MJ-122-RMM

SD/IL: 21-MJ-4008-RJD

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   MATHEW CAPSEL                                                                ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment       ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Entering or remaining in any restricted building or grounds without lawful authority, in violation of 18 U.S.C. 1752 (a)(1) and (4); Forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any any officer or employee of the United States, in violation of 18 U.S.C. § 111; Commited or attempted to commit any act to obstruct, impede, or interfere with law enforcement officer lawfully engaged in the lawful performance of his official duties, in violation 18 U.S.C. § 231 (a)(3).

Date:     01/19/2021

2021.01.19 17:43:23 -05'00'

*Issuing officer's signature*

City and state:     Washington, DC

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ .<br><br>Date: _____          _____<br>                                                    *Arresting officer's signature*<br><br>                                                    _____<br>                                                    *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>MATHEW CAPSEL<br>DOB:▓▓▓▓▓▓▓<br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 21-MJ-122-RMM<br><br>SD/IL: 21-MJ-4008-RJD |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the
_____ District of _____ Columbia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1752 (a)(1) and (4); | Knowingly entering or remaining in any restricted building or grounds without lawful authority; and knowingly engages in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so. |
| 18 U.S.C. § 111; | Forcibly assaulted resisted, opposed, impeded, intimidated, or interfered with any any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while engaged in or on account of the performance of official duties |
| 18 U.S.C. § 231(a)(3) | Commited or attempted to commit any act to obstruct, impede, or interfere with law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. |

This criminal complaint is based on these facts:

See attached statement of facts.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Madison Ramsden, Special Agent, FBI
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone (specify reliable electronic means).

Date: _____ 01/19/2021 _____

2021.01.19
17:42:57 -05'00'
_____
_Judge's signature_

City and state: _____ Washington, DC _____

Robin M. Meriweather, US Magistrate Judge
_Printed name and title_

## STATEMENT OF FACTS

Your affiant, Madison Ramsden, is a Special Agent with the Federal Bureau of Investigation and has been so employed since 2019.   Currently I am assigned to a squad that investigates national security matters.   Among my duties, I have been tasked with investigating criminal activity in and around the U.S. Capitol grounds that occurred on January 6, 2021.   As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws. The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. On January 6, 2021, National Guard troops were present to assist the United States Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection.  Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S.

Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

The Federal Bureau of Investigation received a number of tips providing videos and screenshots of MATHEW CAPSEL ("CAPSEL") and his activities relating to the events on January 6, 2021, including the tips detailed below.

On or about January 8, 2020, the FBI received a tip from Witness 1 who submitted screenshots of a Facebook page with the name "Mateo Q Capsel" and a video posted by the Facebook account. Witness 1 reported that they had seen multiple videos of CAPSEL "on the frontline of the riot and breach". Witness 1 reported that they were a former neighbor of CAPSEL and that CAPSEL was "known to be violent".

On or about January 13, 2020, the FBI received a tip from Witness 2 who submitted screenshots of Facebook posts by "Mateo Q Capsel" stating that they are friends on social media with CAPSEL and that CAPSEL "was at Capitol building when the protesters and rioters got on the building before entering" and had video of this on his Facebook page.

Your affiant reviewed video posted on social media in which it appears that CAPSEL is fighting against National Guardsmen attempting to hold the line with riot shields.

The following screenshots are taken from a video posted on TikTok by @mateoqcapsel, an account which I believe to be used by CAPSEL, showing CAPSEL's physical appearance and attire during the Capitol riot. CAPSEL has distinctive tattoos on his face and neck, and is wearing a red, white, and blue hat with a design on the front. His black shirt bears a recognizable design, and he is wearing a brown necklace.



Your affiant compared the aforementioned screenshots with the defendant's driver's license photograph (depicted below) and confirmed his identity. The defendant has the same features and identifiable facial tattoo.



The following screenshots are taken from a video posted on TikTok by Witness 3, who was a witness to the events in the video, and reposted to the account @mateoqcapsel. Your affiant spoke to Witness 3 who recorded the video and was informed that the timestamp of the video was 18:23 EST January 6, 2021. In this video, CAPSEL, identifiable by the tattoos on his face and neck, and wearing the same hat, shirt, and necklace, is fighting against National Guardsmen until he is pepper sprayed, as shown in the last screenshot. Specifically, the video depicts CAPSEL charging against a lined group of National Guardsman, running into their protective shields.







Based on the foregoing, your affiant submits that there is probable cause to believe that CAPSEL violated 18 U.S.C. § 1752(a)(1) and (4) , which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do so; and (4) knowingly engages in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President,

is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant also submits that there is probable cause to believe that CAPSEL violated 18 U.S.C. § 111, which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of this title (see below) while engaged in or on account of the performance of official duties.  Section 111 applies to "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services)." 18 U.S.C. § 1114.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

/

Finally, your affiant submits there is probable cause to believe that CAPSEL violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

Respectfully submitted,

Special Agent Madison Ramsden
Federal Bureau of Investigation

Attested to by the applicant telephonically in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 19th day of January 2021.

2021.01.19
17:44:16 -05'00'

ROBIN M. MERIWEATHER,
U.S. MAGISTRATE JUDGE



# UNITED STATES DISTRICT COURT
## Southern District of Illinois

**Margaret M. Robertie**
Clerk of Court

Tel: 618.439.7760
Fax: 618.435.2409

**OFFICE OF THE CLERK**
**301 WEST MAIN STREET**
**BENTON, ILLINOIS 62812**

January 29, 2021

Clerk, U.S. District Court
District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

**RE:    USA v. Mathew Capsel**
**21-MJ-122-RMM**
**(SDIL: 21-MJ-4008-RJD)**

On January 29, 2021, a removal proceeding was held in the above matter before Magistrate Judge Reona J. Daly. Enclosed you will find a certified copy of the docket entries.

You may access electronically filed documents in this case at our ECF/PACER web address: http://ecf.ilsd.uscourts.gov.   In the event you are unable to retrieve the documents, please contact the undersigned for direct transmission. Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt by returning a date stamped copy of this letter. Thank you.

Sincerely,

Margaret M. Robertie
Clerk of Court

By: s/ Jamie Melson
Courtroom Deputy to
U.S. Magistrate Judge Reona J. Daly
618-439-7754 (Direct)
Jamie_Melson@ilsd.uscourts.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MINUTES OF INITIAL APPEARANCE ON REMOVAL & DETENTION HEARING |
| | ) | |
| vs. | ) | CASE NO.    21-MJ-4008-RJD |
| MATHEW CAPSEL, | ) | |
| | ) | DATE: January 29, 2021 |
| *Defendant.* | ) | LOCATION:  Benton |

___

**PRESENT:  HONORABLE REONA J. DALY, U. S. MAGISTRATE JUDGE**

**DEPUTY CLERK:**  Jamie Melson   **REPORTER:**   Chris LaBuwi

**COUNSEL FOR GOVERNMENT:**  Casey Bloodworth, AUSA

**COUNSEL FOR DEFENDANT**:   Angela Hill, AFPD, *for proceedings in this district*

[x]   Defendant appears in open court via video from the Williamson Co. Jail pursuant to arrest on warrant issued in the <u>District of Columbia</u>

[x]    Defendant consents to hearing via video teleconferencing.

[x]    Counsel for the government and defendant are present via video conference.

[x]    Financial Affidavit filed. Request for appointment of counsel granted and Federal Public Defender appointed for proceedings in this district.

[x]    Defendant has received and reviewed a copy of the Arrest Warrant and
   [] Indictment   [  ] Information    [x] Criminal Complaint
   [  ] Order           [] Petition to Revoke Supervised Release/Probation

[x]   Defendant advised of constitutional rights.

[x]   Defendant waives identity hearing. The Court finds to be voluntary and counseled.
   Waiver accepted. Defendant is found to be the person named in the charging documents.

[x]   Defendant waives preliminary hearing. The Court finds to be voluntary and counseled.
   Waiver accepted. Probable cause found to proceed.

[x]   Oral Motion to Detain made by the Government. Parties have received and reviewed the pretrial services report. Proffer of evidence through counsel. Arguments heard. The Government's oral motion to Detain is DENIED.

[x]   Person Recognizance bond to enter. Defendant is set to appear in the District of Columbia before **<u>HON. JUDGE ROBIN M. MERIWEATHER</u>** on **<u>FEBRUARY 4, 2021 AT 1:00 P.M.</u>** via video.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

MATHEW CAPSEL,

    Defendant.

Case Number:  21-MJ- _4008_ -RJD

## CONSENT TO USE OF VIDEO TELECONFERENCING

The defendant, represented by counsel, has been made aware that:

(1)    Federal Rule of Criminal Procedure 43 requires a defendant's physical presence at, among other proceedings, the initial appearance and initial arraignment, except as provided in Federal Rules of Criminal Procedure 5 and 10; and

(2)    Federal Rules of Criminal Procedure 5(f) and 10(c) provide that video teleconferencing may be utilized for a defendant's initial appearance and initial arraignment, if the defendant consents to not being physically present for those proceedings.

The defendant hereby CONSENTS to use of video teleconferencing for his/her:

        X    Initial Appearance

        _    Arraignment

Date:  January 28, 2021

                            Defendant

Date:  January 29, 2021

                /s/Angela J. Hill

                Attorney for Defendant

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Southern District of Illinois  ☑

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No.  21-MJ-4008-RJD |
| MATHEW CAPSEL | ) |
| | ) |
| | ) Charging District's Case No.  21-MJ-122 |
| *Defendant* | ) |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*
DISTRICT OF COLUMBIA.

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☑     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:     01/28/2021

_____
*Defendant's signature*

/s/Angela J. Hill
_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

AO 98A (SDIL Rev. 1/21) Appearance Bond

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )   Case No.:  21-MJ-4008-RJD |
| | ) |
| **MATHEW CAPSEL,** | ) |
| **Defendant** | ) |
| | ) |

### APPEARANCE BOND

#### Defendant's Agreement

I, Mathew Capsel *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

☒   to appear for court proceedings;

☒   if convicted, to surrender to serve a sentence that the court may impose; or

☒   to comply with all conditions set forth in the Order Setting Conditions of Release.

#### Type of Bond

☒   (1)   This is a personal recognizance bond.

☐   (2)   This is an unsecured bond of

☐   (3)   This is a secured bond of $Click or tap here to enter text., secured by:

    ☐   (a)  $ Click or tap here to enter text., in cash deposited with the court.

    ☐   (b)  the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*: Click or tap here to enter text.

        If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ☐   (c)  a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*: Click or tap here to enter text.

#### Forfeiture or Release of the Bond

*Forfeiture of the Bond.*  This appearance bond may be forfeited if the defendant does not comply with the above agreement.  The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement.  At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.*  The court may order this appearance bond ended at any time.  This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

AO 98A (SDIL Rev. 1/21) Appearance Bond

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C.§ 1746.)

Date: 1/29/21

X _____
*Defendant's Signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

Date: 1/29/21

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: 1/29/21

_____
*Judge's signature*

AO 199A (SDIL Rev. 1/21) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | Case No.:  21-MJ-4008-RJD |
| | ) | |
| **MATHEW CAPSEL,** | ) | |
| **Defendant** | ) | |
| | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)     The defendant must not violate any federal, state or local law while on release.

(2)     The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3)     The defendant must advise the Court or the U.S. Probation/Pretrial Services Office or Supervising Officer in writing before making any change of residence or telephone number.

(4)     The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(5)     The defendant must sign an Appearance Bond, if ordered.

AO 199B (SDIL Rev. 1/21) Additional Conditions of Release                                      Page 2 of 5

**IT IS FURTHER ORDERED** that the defendant's release is subject to the conditions marked below:

☐     **(6)**     The defendant is placed in the custody of:

         Person or organization   _____

         Address (*only if above is an organization*)   _____

         City and State _____    Tel. No._____

who agrees (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates any condition of release or disappears.

                              Signed: _____    Click or tap to enter a date._____
                                                *Custodian*                                *Date*

☒     **(7)**     The defendant must:

☒     **(a)**     report to and be supervised by U.S. Probation/Pretrial Services Office as directed, including weekly contact by telephone

☒     **(b)**     maintain or actively seek employment

☐     **(c)**     continue or start an educational program as directed

☐     **(d)**     surrender any passport to the U.S. Probation/Pretrial Services Office

☒     **(e)**     refrain from obtaining a passport or other international travel document

☒     **(f)**     Travel is restricted to the ND/IL and District of Columbia, as well as points in between for travel for court purposes. All requests for travel will require prior approval from the Court.

☐     **(g)**     reside with Click or tap here to enter text. at the following address Click or tap here to enter text.

☒     **(h)**     avoid all contact, directly or indirectly, with any person who is or may be a victim, witness, or defendant in the investigation or prosecution, including: Click or tap here to enter text.

☒     **(i)**     participate in available mental health, psychological, and/or psychiatric evaluation and/or treatment as deemed necessary. You must pay all or part of the cost of the program based on your ability to pay as determined by the Court and/or U.S. Probation and Pretrial Services Office.

☐     **(j)**     reside in a residential reentry center (halfway house) as directed by the U.S. Probation/Pretrial Services Office and comply with the rules of that facility. You must pay all or part of the cost of the program based on your ability to pay as determined by the Court and/or U.S. Probation and Pretrial Services Office.

☒     **(k)**     refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapons

☐     **(l)**     refrain from any use of alcohol

☐     **(m)**     submit to a remote alcohol testing system and comply with all program requirements as approved by the U.S. Probation/Pretrial Services Office. The defendant shall pay for all or part of the costs associated with this system as directed by the Court and/or the U.S. Probation/Pretrial Services Office.

☒     **(n)**     refrain from any use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

☐     **(o)**     not be present in any location where any illegal substance is being manufactured, used, or sold

☒     **(p)**     submit to testing for a prohibited substance if required by the U.S. Probation/Pretrial Services Office. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening

or testing. The defendant must not obstruct, or attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

☒ (q) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed necessary. You must pay all or part of the cost of the program based on your ability to pay as determined by the Court and/or U.S. Probation and Pretrial Services Office.

☒ (r) comply with the technology requirements and the form of Location Monitoring as indicated below. The defendant shall pay for all or part of the costs associated with this system as directed by the Court and/or the U.S. Probation/Pretrial Services Office.

☒ Location Monitoring:
　　☐ Location monitoring technology at the discretion of the officer
　　☐ Radio Frequency (RF) Monitoring
　　☐ Passive GPS Monitoring
　　☒ Active GPS Monitoring
　　☐ Voice Recognition

This form of location monitoring shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release

☐ **Curfew.** You are restricted to your residence every day from Click or tap here to enter text. to Click or tap here to enter text. , or as directed by the supervising officer.

☒ **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the supervising officer.

☐ **Home Incarceration.** You are restricted to 24-hour-a-day lock down at your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court.

☒ (s) report as soon as possible to the U.S. Probation/Pretrial Services Office every contact with law enforcement personnel, including arrest, questioning, or traffic stops

☐ (t) not incur new credit charges or open additional lines of credit while on release in this case without the approval of the U.S. Probation/Pretrial Services Office

☐ (u) not associate with children who appear to be under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g. playgrounds, parks, malls, daycare centers, or schools) unless approved by U.S. Probation/Pretrial Services Office. The defendant shall have no contact with victims.

☐ (v) The defendant shall cooperate with the U.S. Probation/Pretrial Services Office Computer and Internet Monitoring Program. Cooperation shall include, but is not limited to, identifying computer systems, internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which the defendant has access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware. The defendant's financial obligation shall never exceed the total cost of services rendered. The defendant shall pay all or a portion of the costs of participation in the Computer and Internet Monitoring Program based on the defendant's ability to pay.

The defendant shall inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. The defendant may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor internet-related activities. The defendant shall report any and all electronic communication service accounts utilized for user communications, dissemination, and/or storage of digital media files (i.e., audio, video, images, documents, device backups) to the U.S.

AO 199B (SDIL Rev. 1/21) Additional Conditions of Release                                      Page 4 of 5

Probation/Pretrial Services Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. The defendant shall permit the U.S. Probation/Pretrial Services Office to access and search any account(s).

☐   (w)   As directed by the U.S. Probation/Pretrial Services Office, the defendant shall notify third parties of potential risks due to the defendant's criminal record or personal history or characteristics and shall permit the U.S. Probation/Pretrial Services Office to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 199C (SDIL Rev. 1/21) Order Setting Conditions of Release                                    Page 5 of 5

### Advice of Penalties and Sanctions

Violations of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years in jail and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____
Signature of Defendant

X _____
City and State

### Directions to United States Marshal

☒    The defendant is ORDERED released after processing.

☐    The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 1/29/2021

_____
REONA J. DALY
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 21-MJ-4008-RJD |
| | ) | |
| MATHEW CAPSEL, | ) | |
| Defendant. | ) | |

---

**ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5(f)**

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the court, with both the prosecutor and defense counsel present, confirms the government's obligation to disclose favorable evidence to the accused under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders it to do so. Favorable evidence under *Brady* need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings.

**DATED:   January 29, 2021**

*s/Reona J. Daly*
**HON. REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**

CLOSED

# U.S. District Court
## Southern District of Illinois (Benton)
## CRIMINAL DOCKET FOR CASE #: 4:21-mj-04008-RJD-1

Case title: USA v. Capsel                                    Date Filed: 01/28/2021
Other court case number:  21-mj-122-RMM District of Columbia    Date Terminated: 01/29/2021

Assigned to: Magistrate Judge Reona J.
Daly

## Defendant (1)

**Mathew Capsel**                       represented by   **Angela J. Hill**
*TERMINATED: 01/29/2021*                                 Federal Public Defender's Office - Benton
                                                         401 West Main Street
                                                         P.O. Box 1075
                                                         Benton, IL 62812
                                                         618-435-2552
                                                         Email: angela_hill@fd.org
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Public Defender or*
                                                         *Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 18:1752 (a)(1) and (4) - Knowingly entering or remaining in any restricted building or grounds without lawful authority; and knowingly engages in any act of physical violence against any person or property in any restricted building or grounds: or attempts or conspires to do so. | |

**Plaintiff**

USA                      represented by **Casey E. A. Bloodworth**
Assistant U.S. Attorney - Benton
402 West Main Street
Suite 2A
Benton, IL 62812
618-439-3808
Fax: 618-439-2401
Email: casey.bloodworth@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2021 | | Arrest of Mathew Capsel. (jlm) (Entered: 01/28/2021) |
| 01/28/2021 | 1 | Copy of Arrest Warrant and Complaint from District of Columbia as to Mathew Capsel. (jlm) (Entered: 01/28/2021) |
| 01/28/2021 | 2 | NOTICE OF HEARING as to Mathew Capsel. Initial Appearance - Rule 40/5(c)(3) set for 1/29/2021 at 9:30 AM via video before Magistrate Judge Reona J. Daly. While the federal courthouse currently has limited public seating due to the health pandemic, full access to this hearing is available remotely. Instructions to join the hearing are as follows: Call toll free 1-888-273-3658, when prompted enter Access Code 1770924. In light of the public health crisis due to the COVID-19 virus and per the other reasons set forth in Amended Administrative Order #266, the Court finds that full access to the press and public cannot be afforded for this hearing. Other alternatives to closure were considered, but at this time the Court only has the technological capability to allow access by teleconference. (jlm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/28/2021) |
| 01/29/2021 | 3 | Minute Entry for proceedings held before Magistrate Judge Reona J. Daly: Initial Appearance in Rule 40/5(c)(3) Proceedings as to Mathew Capsel held on 1/29/2021. Federal Public Defender appointed. Identity Hearing waived. Preliminary Hearing waived. Oral Motion to Detain by the Government is DENIED. Personal Recognizance Bond to enter. (Court Reporter Chris LaBuwi.) (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 4 | Consent to Use of Video Teleconferencing by Mathew Capsel. (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 5 | CJA 23 Financial Affidavit by Mathew Capsel. (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 6 | WAIVER of Rule 5 & 5.1 Hearings by Mathew Capsel. Identity Hearing and Preliminary Hearing waived. (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 7 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Mathew Capsel for proceedings in this district only. Signed by Magistrate Judge Reona J. Daly on 1/29/2021. (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 8 | Appearance Bond Entered as to Mathew Capsel. (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 9 | ORDER Setting Conditions of Release as to Mathew Capsel. Signed by Magistrate Judge Reona J. Daly on 1/29/2021. (jlm) (Entered: 01/29/2021) |
| 01/29/2021 | 10 | ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5(f) as to Mathew Capsel. Signed by Magistrate Judge Reona J. Daly on 1/29/2021. (jlm) (Entered: 01/29/2021) |

| 01/29/2021 | 11 | Letter from Clerk, Southern District of Illinois to Clerk, District of Columbia. (jlm) (Entered: 01/29/2021) |
|---|---|---|

<br>

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/03/2021 09:52:04 | | | |
| **PACER Login:** | BrittanyBryant:6635828:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:21-mj-04008-RJD |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**